IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE MASSENGILL,

      Petitioner,

v.                                                                    CIV 04-0456 RB/WDS

ERASMO BRAVO, Warden, et al.,

      Respondents.

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS,
REJECTING PROPOSED FINDINGS, AND
DENYING PETITION FOR HABEAS RELIEF**

This matter is before the Court on Respondents' May 11, 2007 Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition that habeas relief be granted. (Docs. 35 and 38.) Petitioner neither filed objections, nor requested leave to respond to those filed by Respondents. As required by 28 U.S.C. § 636(b)(1)(C), I have made a de novo determination of the pertinent portions of the record and the Magistrate Judge's Proposed Findings and Recommended Disposition.

For the reasons stated by Respondents, which I incorporate herein, I agree that the Magistrate Judge's recommendation should be rejected and habeas relief denied. To the comprehensive discussion contained in Respondents' Objections, I add the following observations.

The trial court admitted statements the two-year-old victim made to her parents, a nurse, and a doctor that Defendant was the source of a bruise to her labia. By the time of trial, the victim had turned five and could no longer remember the incident. The trial court found that the child's statements were admissible under exceptions to the state hearsay rules. The New Mexico Court of Appeals affirmed admission of the child's statements on both state law and federal law grounds, and

the New Mexico Supreme Court denied certiorari.

Whether the State properly construed its own hearsay rules or constitution is not at issue here.  The Supreme Court has

> stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis* v. *Jeffers,* 497 U. S. 764, 780 (1990); *see also Pulley* v. *Harris,* 465 U. S. 37, 41 (1984) . . . [and has] reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ( per curiam ).

*Estelle v. McGuire,* 502 U.S. 62, 67 (1991).  Moreover, this Court's review of the state decision is further circumscribed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which mandates that habeas relief can issue only if the state court adjudication was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d).  Federal courts presume that factual determinations made by the state court are correct, unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Here, the single-issue federal petition asserts a violation of the Confrontation Clause under the Sixth Amendment as defined in *Crawford v. Washington,* 541 U.S. 36 (2004).  As the Magistrate Judge correctly predicted, however, *Crawford* does not apply retroactively to Petitioner's conviction. *See Whorton v. Bockting*, ___ U.S. ___, 127 S. Ct. 1173 (2007).  Therefore, both the New Mexico Court of Appeals and the Magistrate Judge correctly considered pre-*Crawford* Supreme Court Confrontation Clause precedent.

> Prior to *Crawford,* Supreme Court precedent addressing Confrontation Clause rights held that a testimonial hearsay statement is admissible only if the declarant is unavailable, and only if the statement (1) satisfies "a firmly rooted" exception to the hearsay rule or (2) bears "particularized guarantees of trustworthiness."  *Ohio v.*

*Roberts,* 448 U.S. 56, 66 (1980).

*Stevens v. Ortiz,* 465 F.3d 1229, 1236 (10th Cir. 2006).  The New Mexico Court of Appeals decision in Petitioner's state criminal case considered both alternatives.

The Magistrate Judge concluded that *Idaho v. Wright,* 497 U.S. 805 (1990), alone, set forth the "clearly established law" for our purposes.  I respectfully disagree.  The *Wright* case involved the admissibility of victim statements under Idaho's residual hearsay exception that mandated a showing of "particularized guarantees of trustworthiness" – the second alternative identified in *Roberts.*  It did not address whether the victim's statements would be admissible under a "firmly rooted" exception to the hearsay rule, the first option under *Roberts. Wright,* 497 U.S. at 817 ("We note at the outset that Idaho's residual hearsay exception . . . under which the challenged statements were admitted . . . is not a firmly rooted hearsay exception for Confrontation Clause purposes.").

In a later case not mentioned by the Magistrate Judge, *White v. Illinois*, 502 U.S. 346 (1992), the Supreme Court found no Confrontation Clause violation when a trial court admitted statements of a non-testifying sexual abuse victim under both the spontaneous declaration exception and the exception for statements made in the course of securing medical treatment.  *White*, 502 U.S. at 350.  The *White* decision involved strikingly similar facts to those presented here – a four-year-old child who reported to her babysitter, an officer, a nurse, and a doctor that she had been touched by defendant in the vaginal area.  The victim did not testify at trial because of emotional distress, but the judge made no formal finding that she was unavailable.  *White*, 502 U.S. 350.

The Supreme Court, in *White*, declared that there could be "no doubt" that the spontaneous declaration and medical treatment exceptions are "firmly rooted" and "carry sufficient indicia of reliability to satisfy the reliability requirement posed by the Confrontation Clause."  *White*, 502 U.S. at 355, n.8.

3

The Court, in *White*, stated:

> We therefore think it clear that the out-of-court statements admitted in this case had substantial probative value, value that could not be duplicated simply by the declarant later testifying in court. *To exclude such probative statements under the strictures of the Confrontation Clause would be the height of wrongheadedness, given that the Confrontation Clause has as a basic purpose the promotion of the "'integrity of the factfinding process.'"* And as we have also noted, a statement that qualifies for admission under a "firmly rooted" hearsay exception is so trustworthy that adversarial testing can be expected to add little to its reliability.

*White*, 502 U.S. at 356-57 (emphasis added) (citations omitted).

The New Mexico Court of Appeals' decision in Petitioner's state criminal case surveyed federal law since the *White* decision. After observing a split in authority,[1] it concluded that to satisfy federal constitutional standards for the "firmly rooted" hearsay exception, a statement made for medical treatment must have both a "treatment seeking" motive by the declarant and "physician reliance."

It matters not whether I agree with this analysis because, for federal habeas purposes, there is no clearly established Supreme Court precedent that engrafts these two conditions to find a statement qualifies for the exception. Indeed, reading the quoted language from the *White* opinion in context, the Supreme Court appears to have implicitly *rejected* such a requirement for child declarants. And, as the Sixth Circuit reasoned in a factually similar case, the "medical treatment exception to the hearsay rule still qualifies as the firmly rooted exception that *per se* satisfies the Confrontation Clause" even if the state has dispensed with a "motivational requirement for a

---

[1] The position adopted by the New Mexico Court of Appeals is the same position taken by the Fourth and Eighth Circuits. However, the Tenth Circuit takes the position that "[t]his two-part test is not contemplated by the rule and is not necessary to ensure that the rule's purpose is carried out" based on *White. United States v. Joe,* 8 F.3d 1488, 1494, n.5 (10th Cir. 1993).

statement to qualify" as a hearsay exception under state evidence rules. *Dever v. Mack,* 40 Fed. Appx. 980, 985 (6th Cir.), *cert. denied,* 537 U.S. 1060 (2002).[2]

The New Mexico Court of Appeals, in Petitioner's state criminal case, also found that admitting the statements under New Mexico's residual hearsay exception did not violate the federal constitution because the statements and accompanying pinching gestures bore "particularized guarantees of trustworthiness."[3]  In reaching that conclusion, the New Mexico Court of Appeals considered several factors and found that the statements and accompanying gestures were unambiguous and consistent, with no circumstances suggestive of fabrication, faulty memory or misperception.

The Magistrate Judge disagreed with the New Mexico Court of Appeals finding concerning lack of ambiguity. However, the Supreme Court, in *Wright*, determined that focusing on a single factor is not, necessarily, dispositive of trustworthiness:

> We reject the apparently dispositive weight placed by [the state] court on the lack of procedural safeguards at the interview. Out-of-court statements made by children regarding sexual abuse arise in a wide variety of circumstances, and we do not believe the Constitution imposes a fixed set of procedural prerequisites to the admission of such statements at trial. . . . Although the procedural guidelines propounded by the court below may well enhance the

---

[2] The Ohio Supreme Court noted in its *Dever* opinion "that a young child's statements to a doctor in the course of a medical examination will virtually never be admissible" if the trial court is required to first find that the child declarant "intended" her statements to be made for the purposes of medical treatment. *State v. Dever*, 596 N.E.2d 436, 443 (1992).  The court recognized intuitively that young children lack "situational awareness" sufficient to formulate or to articulate an intention relating to statements made to medical staff.

[3] Because the New Mexico Court of Appeals issued a decision based on both state and federal grounds, this case does not present the situation where the Tenth Circuit has advised federal courts to analyze both the factual and legal determinations anew. *See Woodward v. Williams,* 263 F.3d 1135, 1140 (10th Cir. 2001) ("In this case, the New Mexico Supreme Court found the testimony of Butler and Maggart admissible under a state-law hearsay exception, but did not explicitly consider the federal constitutional question that confronts us.  In such a situation, 'we review a state court decision by assessing whether it is reasonably supported by the record and whether its legal analysis is constitutionally sound.' *Paxton v. Ward,* 199 F.3d 1197, 1209 (10th Cir. 1999)."), *cert. denied,* 535 U.S. 973 (2002).

> reliability of out-of-court statements of children regarding sexual abuse, we decline to read into the Confrontation Clause a preconceived and artificial litmus test for the procedural propriety of professional interviews in which children make hearsay statements against a defendant.
>
> * * * * *
>
> The state and federal courts have identified a number of factors that we think properly relate to whether hearsay statements made by a child witness in child sexual abuse cases are reliable. . . . (spontaneity and consistent repetition) . . . (mental state of the declarant) . . . (use of terminology unexpected of a child of similar age) . . . (lack of motive to fabricate). Although these cases (which we cite for the factors they discuss and not necessarily to approve the results that they reach) involve the application of various hearsay exceptions to statements of child declarants, we think the factors identified also apply to whether such statements bear "particularized guarantees of trustworthiness" under the Confrontation Clause. These factors are, of course, not exclusive, and courts have considerable leeway in their consideration of appropriate factors. We therefore decline to endorse a mechanical test for determining "particularized guarantees of trustworthiness" under the Clause. Rather, the unifying principle is that these factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made.

*Wright*, 497 U.S. at 818-22.  Indeed, the Tenth Circuit has noted that one of the reasons why *Crawford* deemed the *Roberts* scheme "unpredictable" was because its prior decisions "'decline[d] to endorse a mechanical test' for assessing trustworthiness." *Stevens,* 465 F.3d at 1236 (quoting *Wright,* 497 U.S. at 822).

The factors used by the New Mexico Court of Appeals to evaluate trustworthiness were related to whether it was particularly likely the child was telling the truth and, therefore, were proper factors to consider under established Supreme Court precedent.  As such, the decision cannot be characterized as "contrary" in the legal sense, as the Magistrate Judge so held.[4]

---

[4] The Magistrate Judge did not discuss whether the trustworthiness alternative should be analyzed as a matter of fact under 2254(e) or matter of law, under 2254(d), and the law appears to be unsettled on the issue. I find, however, that if the Court of Appeals items underlying the legal conclusion are to be considered matters of fact, the

6

The New Mexico Court of Appeals decided that the balance of those factors weighed in favor of trustworthiness. A federal court "may grant habeas relief only when [it is] convinced the state court's application of federal law goes beyond being erroneous and instead becomes objectively unreasonable." *Snow v. Sirmons*, 474 F.3d 693, 696 (10th Cir. 2007) (citing *McLuckie v. Abbott*, 337 F.3d 1193, 1197 (10th Cir. 2003)). This standard "prohibits [the federal court] from substituting [its] 'own judgment for that of the state court.' " *Snow*, 474 F.3d at 696 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

The Magistrate Judge, in my view, substituted his own judgment for that of the New Mexico courts. While reasonable, the Magistrate Judge's proposed decision violates the cardinal principle of federal habeas corpus law as articulated in *Snow*, 474 F.3d at 696. Having reviewed the matter de novo, as required by 28 U.S.C. § 636 (b)(1)(C), I find that the New Mexico Court of Appeals' thorough analysis and ultimate conclusion were not objectively unreasonable and Petitioner is not entitled to habeas relief.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Respondents' objections (Doc. 38) are sustained and incorporated herein;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 35) is rejected;

3. The § 2254 petition is dismissed with prejudice; and

4. A final order enter concurrently herewith.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

record is devoid of any clear and convincing evidence to the contrary.